IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TERENCE TRAMAINE ANDRUS,** Petitioner, v. **BOBBY LUMPKIN,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | Case No. 4:19-cv-00717 District Judge David Hittner **CAPITAL CASE** |

## UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL

With this unopposed motion, Petitioner Terence Tramaine Andrus respectfully requests that this Court permit the Federal Community Defender Office for the Eastern District of Pennsylvania (the "Philadelphia FCDO") to substitute as counsel for his currently appointed counsel, the Federal Public Defender for the Northern District of Texas (the "Dallas FPD"). In support of his motion, Mr. Andrus would respectfully show as follows:

### PROCEDURAL BACKGROUND

Mr. Andrus was convicted of capital murder and sentenced to death in Fort Bend County, Texas, in November 2012. The Dallas FPD was appointed to represent Mr. Andrus in his federal habeas proceedings on March 4, 2019. ECF No. 2. On February 13, 2020, Mr. Andrus timely filed a Petition for Writ of Habeas Corpus. ECF No. 11. On February 26, 2020, Mr. Andrus and Respondent jointly proposed a scheduling order, ECF No. 14, which this Court entered the

1

following day, ECF No. 15. Pursuant to the scheduling order, and an unopposed extension granted by the Court, Mr. Andrus's Amended Petition was due on August 31, 2020. ECF No. 17.

Prior to the August 31, 2020 deadline, however, this Court stayed and administratively closed this case. ECF Nos. 19, 20. The reason for the stay was that on June 15, 2020, the United States Supreme Court granted Mr. Andrus' petition for writ of certiorari from his state habeas proceedings, vacated the judgment of the Texas Court of Criminal Appeals ("CCA") denying relief, and remanded the case to the Texas courts. *Andrus v. Texas*, 140 S. Ct. 1875 (2020). The CCA recently issued a new decision that again denied relief to Mr. Andrus, and Mr. Andrus will shortly be filing another petition for writ of certiorari. *Ex parte Andrus*, __ S.W.3d __, 2021 WL 2009580 (Tex. Crim. App. May 19, 2021), ECF No. 21. Mr. Andrus and Respondent are scheduled to submit a new proposed scheduling order with 30 days of the conclusion of the proceedings in the United States Supreme Court. ECF Nos. 20, 21.

## REQUEST FOR SUBSTITUTION OF COUNSEL

Pursuant to 18 U.S.C. § 3599(a)(2), Mr. Andrus is entitled to the appointment of counsel in this matter. Under that statute, this Court may replace the appointed attorneys with similarly qualified counsel, at the request of counsel or the defendant. *Id.* at § 3599(e). Substitution is warranted when it is in the "interests of justice." *Martel v. Clair*, 565 U.S. 648, 658 (2012). This is a context-specific inquiry, which may include a variety of factors including the timeliness of the motion and "the extent of the conflict or breakdown in communication between the lawyer and client." *Id.* at 663. The Supreme Court has firmly rejected any argument that substitution of counsel is warranted only where counsel lacks the required qualifications, has a conflict of interest, or has completely abandoned the client. *Id.* at 660; *Christeson v. Roper*, 574 U.S. 373, 377 (2015). Instead,

the interests of justice may require substitution of counsel to ensure resolution of "serious representational problems." *Clair*, 565 U.S. at 660. This broader standard gives effect to § 3599, which reflects "'a determination that quality legal representation is necessary' in all capital proceedings to foster 'fundamental fairness in the imposition of the death penalty.'" *Id.* at 659 (quoting *McFarland v. Scott*, 512 U.S. 849, 855, 859 (1994)).

Substitution of counsel is in the interests of justice. *See Clair*, 565 U.S. at 658. A serious representational issue has recently emerged in Mr. Andrus's case that is not the fault of Mr. Andrus. In May of 2021, Mr. Andrus informed undersigned counsel that no longer wishes to be represented by the Dallas FPD, asserting that a conflict of interest exists between himself and the Dallas FPD. Both Mr. Andrus and the undersigned counsel have engaged in good faith discussions concerning the issue. Based on those discussions, undersigned counsel believe that it is in the best interest of all involved for a substitution of counsel to occur.

Mr. Andrus has consented to representation by the Philadelphia FCDO, if this Court grants the substitution motion. The FCDO has recently completed the administrative approvals necessary for it to be appointed to an out of district case, such as this. The Philadelphia FCDO has informed undersigned counsel that they are prepared to begin their representation of Mr. Andrus immediately upon this Court's approval of the substitution.

The Philadelphia FCDO is undoubtedly qualified for appointment under § 3599. The FCDO maintains a Capital Habeas Unit that specializes in capital habeas corpus litigation under 28 U.S.C. § 2254 and the Office is willing to accept the appointment to represent Mr. Andrus. Attorneys responsible for Mr. Andrus representation will be from the Capital Habeas Unit of the FCDO. The unit consists of attorneys who specialize in capital habeas corpus and post-conviction

litigation and have been appointed for such representation in the district courts of the 3rd, 4th, 5th, 6th, 9th and 11th circuits. The unit is supervised by Shawn Nolan. Mr. Nolan has been licensed to practice in Pennsylvania since 1989 and has exclusively handled capital post-conviction cases for the past eighteen years.

Capital post-conviction litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland*, 512 U.S. at 856–57 (noting that "th[e Supreme] Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master") (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)); CJA Plan, Section XIV(B)(4) (noting the "complex and demanding nature of capital cases"). Philadelphia FCDO attorneys possess such specialized knowledge and experience. Since 1995, the it has has represented scores of death-sentenced prisoners in federal district courts, the Courts of Appeals, and the United States Supreme Court. The Philadelphia FCDO has been appointed to represent petitioners in a number of capital federal habeas corpus cases outside the Eastern District of Pennsylvania, including in Texas. Its capital lawyers have litigated five substantive cases before the United States Supreme Court: *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Its capital lawyers have also served on the faculties of death-penalty and/or habeas corpus training seminars for numerous organizations and entities including, *inter alia*, the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense & Education Fund, the American Bar Association Death Penalty

4

Representation Project, the Pennsylvania Bar Institute, the National Association of Criminal Defense Lawyers, and the Pennsylvania Association of Criminal Defense Lawyers.

The Philadelphia FCDO has been established by the Administrative Office of the United States Courts as a Community Defender Organization and is recognized as the Federal Defender Office for the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation or travel expenses, expert witness expenses (should expert witnesses be needed), or any other expenses.

The contact information for the Philadelphia FCDO is as follows:

Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
Suite 545 West
Philadelphia, PA  19106
215-928-0520
shawn_nolan@fd.org

If this Court grants the substitution motion, Mr. Nolan will assign Mr. Andrus's case to attorneys from his office who will then enter their notices of appearance on behalf of Mr. Andrus.

Furthermore, the request for substitution is timely. Unlike in *Clair*, this Court is not "putting the finishes touches" on its ruling on Mr. Andrus's habeas petition after an evidentiary hearing and substantial post-hearing briefing. 565 U.S. at 665. Given that this case remains administratively stayed until the proceedings in the United States Supreme Court conclude, which should provide

the Philadelphia FCDO sufficient time to familiarize themselves with Mr. Andrus's case, the substitution should not necessitate any undue delay in this case.

Counsel for Respondent have informed the undersigned counsel that Respondent does not oppose the substitution of counsel.

To the extent that this Court requires more information prior to ruling on this motion, undersigned counsel requests that this Court grant permission to file an ex parte, sealed document in support. Mr. Andrus therefore respectfully requests that the Court grant this motion and permit the Philadelphia FCDO to substitute as counsel for the Dallas FPD.

Respectfully submitted,

DATE: August 2, 2021

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit
jeremy_schepers@fd.org

David Currie (TX 24084240)
Assistant Federal Public Defender
david_currie@fd.org

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)

*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

Jeremy Schepers, counsel for Mr. Andrus, has conferred with opposing counsel, Katherine Hayes of the Texas Attorney General's office, and she informed me that the Respondent is not opposed to the substitution of counsel sought in this motion.

/s/ *Jeremy Schepers*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Substitution of Counsel has been served by CM/ECF upon counsel for Respondent on August 2, 2021.

/s/ *Jeremy Schepers*